JOSÉ LEANDRO MONTALVO GUENARD, Plaintiff and Appellee, *v.* JUAN FRANCESCHI ET AL., Defendants and Appellants.

No. 6437.   Argued March 15, 1934.—Decided March 27, 1935.

*Henry G. Molina* and *M. León Parra* for appellants.   *Gustavo Rodríguez Acevedo* and *R. Hernández Matos* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

■ The most serious matter involved in this appeal is whether the action of a physician for fees did not prescribe by reason of interruptions in accordance with section 1874 of the Civil Code, 1902 ed. It provides:

"Prescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor."

The supposed services were performed in 1925 and ended on the 4th day of July of that year. The plaintiff gave testimony tending to show that in 1926 he presented a claim of $1,500 to the administrator of the estate of Franceschi; that the said administrator delivered to the plaintiff a check for $300 on April 30, 1926, which the doctor did not cash for a year. Later plaintiff claimed from the succession of Franceschi the amount of $1,000 as a balance. The suit was filed in 1930 and no point was made over the later interruptions. The appellants maintain that there was no interruption in 1926 and that at the date of a letter written to the administrator in 1928 the action had already prescribed.

Appellants very truly say that the payment of $300 in 1926 was not in itself an interruption. Given, however, that Doctor Montalvo Guenard had, according to his statement, presented a claim of $1,500, the payment was corroborative. The presentation of the account in 1926 stood by itself and was a sufficient extrajudicial interruption. We have had some difficulty over this point because of the insistence of the appellee in the interruption by check and for other reasons.

■■ The second assignment of error is as follows:

"The court a quo erred in finding for the plaintiff, and was moved by prejudice and passion to such an extent as to prevent it from acting without bias in weighing the evidence introduced by the parties at the public hearing of the case."

There was ample expert evidence of the value of the supposed services rendered. The principal point of the

appellants is that services were not rendered to the extent claimed; that the District Court of Ponce was unduly impressed by the testimony of Doctor Montalvo Guenard and stressed too much his social position; that he was a substitute for the family physician, who gave testimony to contradict him. The judge said that he was inclined to give credit to both physicians, but that the family physician was away and was not referring to the period covered by Doctor Montalvo Guenard. The judge said he was disposed to believe the latter, especially as fortified by the book of entries made at the time of the alleged services.

We are not convinced that the financial position of defendant may not be considered in estimating fees, as suggested by us in other cases. The judge says that in medical services to more affluent clients the charges should be considered normal and are abated for the less wealthy. In any event, given the testimony of the experts, we find no error.

We are not at all convinced of any passion or prejudice on the part of the judge. At utmost there was a conflict and if the court had found for the defendants, on appeal we probably should not have disturbed the finding.

■ After the hearing in this court the appellee discovered, according to him, that some of the testimony of Mr. Arcílagos, the administrator, was not sufficiently set forth in the statement of the case and asked that the case be reopened and remanded. As the judgment will be affirmed without considering a correction, it is unnecessary to give the motion much attention. Appellants are right in insisting that it should be an extraordinary case in which such a reopening should take place. There is an indication in the record that appellants did not insist much on the matter of prescription in the court below but defended rather on the merits of the claim and conceivably this might have been an extraordinary case.

We find no sufficient reason for interfering with the discretion of the court in awarding costs. Fees ought not to

be heavy under any circumstances. Mr. Justice Aldrey does not agree with this paragraph in accordance to the idea with respect to costs that he has expressed in other opinions.

The judgment will be affirmed.

Mr. Justice Aldrey concurs in the result.